# In the United States Court of Federal Claims

No. 16-134C

(Filed: August 15, 2017)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*

| | |
|---|---|
| JIM CARLOS RUIZ NIEVES,<br><br>              Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>              Defendant. | Military Pay Act, 37 U.S.C. § 204; 10 U.S.C. § 1552; Money-Mandating Statute; Cross-Motions for Judgment on the Administrative Record; Judicial Review of ABCMR Decision; Constructive Service Doctrine; <u>Testan</u> Rule. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*

*Raymond J. Toney*, Law Offices of Raymond J. Toney, Logan, Utah, for Plaintiff.

*Michael D. Snyder*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Major Shanna L. Cronin*, Of Counsel, United States Army Litigation Division, Fort Belvoir, Virginia, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

      Second Lieutenant Jim Carlos Ruiz Nieves ("LT Ruiz") seeks review of the Army Board for Correction of Military Records' ("ABCMR") decision on remand denying him back pay associated with the corrections of his military records. LT Ruiz was disenrolled from the Army Reserve Officers' Training Corps ("ROTC") program, thus preventing him from entering active service. The Army later reinstated him and LT Ruiz successfully sought the correction of his military records. However, the ABCMR declined to award LT Ruiz back pay because he had not been in active service before the reinstatement. The Government has moved to dismiss LT Ruiz's complaint for failure to identify a money-mandating source of law and, in the alternative, moved for judgment on the administrative record arguing that the ABCMR's decision was supported by substantial evidence. LT

Ruiz has cross-moved for judgment on the administrative record arguing that the ABCMR legally erred by not providing him back pay associated with his military record corrections. For the reasons explained below, the Court GRANTS the Government's motion to dismiss and, in the alternative, GRANTS the Government's motion for judgment on the administrative record. The Court DENIES LT Ruiz's motion for judgment on the administrative record.

Background

LT Ruiz enrolled in the Army ROTC program at the University of Puerto Rico in August 2008 and completed over three years of ROTC requirements. AR 14. On April 9 2012, the Army initiated an action to disenroll LT Ruiz from the ROTC program for improper conduct and disrespect to a noncommissioned officer. Id. at 128. The Army convened a disenrollment board on May 2, 2012 and recommended that LT Ruiz be disenrolled on "unspecified grounds". Id. at 137-140. Upon review, the Army found that this board decision contained an "abundance of procedural errors" and convened a second board to consider LT Ruiz's disenrollment action on July 23, 2012. Id. at 169, 155. LT Ruiz elected not to appear before the second board. Id. at 153. He also "[waived his] right to appeal the disenrollment" and "[declined a] call to active duty". Id. The second board upheld the first board's disenrollment decision. At the time of his disenrollment on July 23, 2012, LT Ruiz had not been formally appointed as an officer. Id. at 5-13.

LT Ruiz graduated from the University of Puerto Rico and then pursued a master's degree. Id. at 403. On June 14, 2013, LT Ruiz applied to the ABCMR requesting reinstatement in the Army ROTC program. Id. at 207-15. The ABCMR denied the application because there was no evidence that LT Ruiz was "unjustly disenrolled". Id. at 194. In October 2013, LT Ruiz contacted the Army Cadet Command expressing concerns that his disenrollment was inappropriate. Id. at 168. In response, the Army granted him a third board to reconsider his disenrollment. Id. at 158. The third board found that LT Ruiz had "acted inappropriately" and "demonstrated a hostile work environment" but had since demonstrated resiliency and academic success in his master's program. Id. at 176. The third board recommended that "[LT Ruiz] be retained in ROTC as a non-scholarship cadet and given the opportunity to earn his commission." Id. LT Ruiz was formally appointed as an officer in the Army at the rank of second lieutenant on May 10, 2014. Id. at 180-82. LT Ruiz's Basic Active Service Date ("BASD") is September 21, 2014. Id. at 25.

Following the third board's decision to reinstate LT Ruiz, he applied to the ABCMR, for a second time, seeking corrections to his military record. Id. at 63. LT Ruiz requested that his Date of Rank ("DOR") for second lieutenant be changed to May 2012, his promotion to first lieutenant be adjusted to December 2013, that he be awarded compensation of "lost pay and allowances" associated with his July 23, 2012 disenrollment, and that the board consider a promotion to captain. Id. at 79. LT Ruiz argued that his requested adjustments reflect the progress his military career would have

2

made had he not been disenrolled. Id. at 78. On August 6, 2015, the ABCMR granted LT Ruiz partial relief. Id. at 42. "Although [LT Ruiz] would have been appointed as a commissioned officer in the rank of [second lieutenant] in May 2012 (except for the improper 2012 ROTC disenrollment board), he would not have necessarily entered active duty at the same time." Id. at 41. Accordingly, the ABCMR adjusted his DOR for second lieutenant and "Basic Date of Appointment" to August 26 2012 and his DOR for first lieutenant to August 26, 2014. Id. at 25. The ABCMR did not adjust LT Ruiz's BASD, which remained the date he entered active service on September 21, 2014. Id. The ABCMR also granted LT Ruiz back pay associated with the corrected promotion to first lieutenant on August 26, 2014. Id. at 42. LT Ruiz did not receive back pay for the time from his Basic Date of Appointment (August 26, 2012) to his DOR for first lieutenant (August 26, 2014). Id. at 25.

On January 27, 2016, LT Ruiz filed his claim in this Court seeking back pay for the period between his Basic Date of Appointment and his DOR for first lieutenant. Dkt. No. 1. The Court remanded the case to the ABCMR to "consider if [LT Ruiz] is entitled to back pay and allowances" for the relevant time period. Dkt. No. 10. On remand, the ABCMR denied LT Ruiz's claim for back pay stating that since he performed no duties between August 26, 2012 and August 26, 2014, LT Ruiz was not entitled to back pay. AR at 12. "It is [] difficult to understand how [LT Ruiz] can demand pay as a [second lieutenant] for a period of time in which the Secretary of Defense had yet to appoint him, for an office he had yet to assume, and for duty he had yet to perform." Id. Further, the ABCMR found that the Army had not acted improperly by delaying LT Ruiz's commission until after the accusations against him were settled. "The fact that [LT Ruiz] ultimately was found not guilty . . . does not, in itself, cast doubt on the propriety of the Army's decision not to commission [him] until the disenrollment issue was settled. There is no indication that any ROTC officials acted fraudulently or in bad faith." Id. 12-13. Finally, the board clarified that it only intended to provide equitable relief "in order to place [LT Ruiz] on somewhat equal footing with his peers" and not to "compensate an officer for duties never performed." Id. at 13.

On November 29, 2016, LT Ruiz filed an amended complaint requesting that this Court order the ABCMR to correct his records to reflect a BASD of August 26, 2012 and award him the back pay associated with this correction. Dkt. No. 15. The Government filed the Administrative Record on April 7, 2017 concurrently with its motion to dismiss and motion for judgment on the administrative record. Dkt. Nos. 21, 22. LT Ruiz filed an opposition to the Government's motion to dismiss and a cross-motion for judgment on the administrative record on May 2, 2017. Dkt. No. 23. The parties completed briefing the motions on July 19, 2017 and the Court heard oral argument on August 4, 2017.

Discussion

A. LT Ruiz's Claim Does not Arise Under a Money-Mandating Statute.

The Government has moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. The Tucker Act grants this Court jurisdiction over "any claim against the United States founded upon . . . [an] Act of Congress . . . ." 28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007).

LT Ruiz alleges that both 37 U.S.C. § 204 and 10 U.S.C § 1552 act as money-mandating statutes entitling him to the requested back pay. Pl.'s Mot. at 18. However, neither statute grants this Court jurisdiction to adjudicate LT Ruiz's claim. Thus, the Government's motion to dismiss is GRANTED.

1. Section 204 is Inapplicable to LT Ruiz's Claim.

Section 204 of the Military Pay Act is money-mandating and may serve as the basis for jurisdiction in this Court under the Tucker Act. 37 U.S.C. § 204; Tippet v. United States, 185 F.3d 1250 1255 (Fed. Cir. 1999) (citing Sanders v. United States, 594 F.2d 804, 810 (Ct. Cl. 1979) (en banc)). Section 204 guarantees an officer pay appropriate to his military status until the officer is properly separated from service. Id. When a plaintiff asserts that his discharge was improper, he also generally asserts a violation of his statutory right to pay. Adkins v. United States, 68 F.3d 1317, 1321 (Fed. Cir. 1995).

LT Ruiz asserts that Section 204 applies to his disenrollment from ROTC. Pl.'s Mot. at 15. However, Section 204 only applies to "a member of a uniformed service who is on active duty . . . ." 37 U.S.C. § 204(a)(1). In reality, LT Ruiz was not actually on active duty until September 21, 2014 and his BASD is also September 21, 2014. Thus, on its face, Section 204 does not apply to LT Ruiz because he was not on "active duty" until 2014. According to LT Ruiz, he is able to invoke Section 204 by requesting that his BASD be corrected: "If the Court orders [the correction], backpay will be based on Section 240(a). The requested remedy, then, is correctly premised on 37 U.S.C. § 204(a) and this Court possesses jurisdiction over [LT] Ruiz's claims." Pl.s' Resp. at 1. As LT Ruiz would have it, this Court can grant a form of relief – adjusting his BASD – in order to bring his claim for back pay under the Court's jurisdiction. Although, without jurisdiction, the Court

4

is unable to grant LT Ruiz the necessary adjustment in the first place.  A court cannot grant relief for the sake of creating subject matter jurisdiction.

More to the point, Section 204 is intended to compensate *active* service members who were not fairly compensated for their service.  Palmer v. United States, 168 F.3d 1310, 1313-14 (Fed. Cir. 1999); Reeves v. United States, 49 Fed. Cl. 560, 566 (2001).  In Reeves, the plaintiff sought retroactive back pay and a promotion to colonel even though he did not serve as a colonel during the relevant time period.  Id.  The plaintiff's theory was that he was "improperly denied the opportunity to serve as a colonel and be paid for the subsequent duties he could have performed at the higher grade."  Id.  However, since the plaintiff never actually performed the duties of a colonel, he was not entitled to the pay of a colonel.  Id. at 567.  LT Ruiz essentially makes the same argument – had the Army not improperly disenrolled him, he could have performed the duties of a second lieutenant and be paid accordingly.  Thus, the reasoning in Reeves likewise applies to LT Ruiz.  LT Ruiz was not on active duty and he did not perform any military services for the relevant time period, therefore he "does not meet the money-mandating requirements of [] Section 204(a) . . . ." Id.

### 2. Section 1552 is not Money-Mandating in this Case.

Alternatively, LT Ruiz argues that 10 U.S.C. § 1552 is a money-mandating statute upon which he can bring this claim.  Pl.'s Resp. at 4.  Section 1552 can be "money-mandating" because it requires the Government to pay a service member if a correction board adjusts the service member's record in a way that would mandate the payment of money.  Martinez v. United States, 333 F.3d 1295, 1314-15 (Fed. Cir. 2003).  However, "section 1552 is not the source of the right to back pay; that right comes from a different statute, such as the Military Pay Act, 37 U.S.C. § 204."  Id. at 1315.  Section 1552 alone is only money-mandating when "the correction board has granted relief and the service member seeks to *enforce or challenge the implementation or scope* of the remedial order . . . ." Id. at 1314, n. 4 (emphasis added).

According to LT Ruiz, the holding in Martinez entitles him to challenge whether the ABCMR granted the proper "scope" of relief.  Pl.'s Resp. at 5.  LT Ruiz misinterprets Martinez.  Section 1552 does not allow a service member to challenge the relief a board grants, just the implementation or scope of that relief.  In this case, the ABCMR was clear that it did not intend to grant LT Ruiz back pay for time he did not serve.  AR 11-12.  LT Ruiz does not challenge the Army's implementation of that decision, or the proper scope of that decision; he is challenging the decision itself.  Therefore, Section 1552 is not money-mandating in this case.

LT Ruiz has failed to identify a money-mandating statute upon which to base his claim and this Court's jurisdiction.  Therefore, the Court GRANTS the Government's motion to dismiss.

5

B. Alternatively, the Administrative Record Establishes that the Board Granted LT Ruiz Appropriate Relief.

In reviewing a motion for judgment on the administrative record, a court must determine whether a party has met his burden of proof based upon the evidence in the record. A&D Fire Protection, Inc. v. United States, 72 Fed. Cl. 126, 131 (2006). Any questions of fact should be resolved by reference to the administrative record "as if [a court] were conducting a trial on [that] record." Bannum, Inc. v. United States, 404 F.3d 1346, 1357 (Fed. Cir. 2005). LT Ruiz has the burden of proving that the ABCMR's decision was arbitrary, capricious, unsupported by substantial evidence or contrary to the law. Lewis v. United States, 458 F.3d 1372, 1376 (Fed. Cir. 2006). As long as the board's decision was reasonable and based upon substantial evidence, this Court will not disturb the result. Wronke v. Marsh, 787 F.2d 1569 (Fed. Cir. 1986); Van Cleave v. United States, 70 Fed. Cl. 674, 678-79 (2006). "Judicial review of a correction board should not be an opportunity for courts to substitute their judgment for that of the military board when reasonable minds could reach differing conclusions." Banerjee v. United States, 77 Fed. Cl. 522, 533 (2007).

LT Ruiz argues that the ABCMR unlawfully denied him the back pay to which he is entitled under the board's corrections. Pl.'s Resp. at 7. First, LT Ruiz argues that the ABCMR's decision was not based on substantial evidence. Pl.'s Resp. at 14-16. Second, LT Ruiz argues that the Testan Rule entitles him to back pay as a matter of law. Pl.'s Resp. at 10-14. Finally, LT Ruiz argues that the logic behind the Constructive Service Doctrine should be applied to his case. Id. at 8-10. LT Ruiz is wrong on all counts. Thus, the Court DENIES LT Ruiz's cross-motion for judgment on the administrative record and GRANTS the Government's motion for judgment on the administrative record.

The ABCMR has a legal duty to provide full and fitting relief in order to make LT Ruiz "whole". Dilley v. Alexander, 627 F.2d 407, 413 (D.C. Cir. 1980); Duhon v. United States, 461 F.2d 1278, 1281 (Ct. Cl. 1972). Accordingly, the ABCMR is required to "erase" injustice and compensate service members. Roth v. United States, 378 F.3d 1371, 1381 (Fed. Cir. 2004). The ABCMR has discretion to grant partial equitable relief, but it may not grant partial relief if doing so would fail to redress an injustice. Teichman v. United States, 65 Fed. Cl. 610, 617 (2005).

The ABCMR found that LT Ruiz was improperly disenrolled from ROTC. AR 7. However, LT Ruiz was not on active service at the time of disenrollment and it is uncertain when he would have been assigned to active duty had he not been disenrolled. Id. Further, the ABCMR found that LT Ruiz was not entitled to back pay for any time period earlier than November 20, 2014 because "he was not on active duty". Id. at 7. LT Ruiz was awarded back pay from August 26, 2014 through November 20, 2014 as equitable relief to "match[] his [first lieutenant] DOR". Id. The ABCMR listed five reasons justifying its conclusion that he was not entitled to additional back pay: (1) "he performed no duties as an officer" during the relevant time period, (2) "he was not appointed by the Secretary of

6

Defense until May 2014," (3) LT Ruiz's appointment to second lieutenant was an "expectation" at the time of his disenrollment but not a certainty, (4) "[e]quity would not be served . . . if [LT Ruiz] were to collect pay and benefits he did not earn", and (5) the Army's decision to delay LT Ruiz's commissioning while his challenges were being adjudicated was not improper. Id. at 12. These are all well-reasoned points and the ABCMR's decision was certainly based on substantial evidence. Van Cleave, 70 Fed. Cl. at 678-79. Perhaps the ABCMR could have chosen to award LT Ruiz additional back pay, but it also could have reasonably chosen to award him less since a service member is not entitled to back pay for time not actually served. 37 U.S.C. § 204(a); Army Reg. 37-104-4, ¶3-1 (June 8, 2005). In any case, the ABCMR's decision easily is supported by sufficient evidence to withstand judicial review.

LT Ruiz argues the holding in Dilley demonstrates that the ABCMR does not have the discretion to award partial equitable relief in his case. 627 F.3d at 413. The District of Columbia Circuit held that service members were entitled to back pay associated with a retroactive reinstatement. Id. According to LT Ruiz, his claim is materially similar to the claims in Dilley, thus entitling him to the same result. However, there is one critical difference: the service members in Dilley were on active service when they were improperly discharged. Id. at 408. LT Ruiz had never been on active service before he was disenrolled, he only had a strong expectation to be put into active service by August 2012, and he never entered active service before November 20, 2014. AR 5-13. These were the critical facts considered by the ABCMR when it reached its decision. Id. at 12. Dilley is unhelpful to LT Ruiz's case. Dilley magnifies the fact that LT Ruiz is asking for back pay for active service when he was disenrolled from a training program.

Next, LT Ruiz argues that the U.S. Supreme Court's reasoning in United States v. Testan, 424 U.S. 392 (1976), entitles him to back pay as a matter of law. Pl.'s Resp. at 10-14. In Testan, the Court denied federal employees back pay associated with a reclassification of their titles because:

> [t]here is no claim here that either respondent has been denied the benefit of the position to which he was appointed. The claim, instead, is that each has been denied the benefit of a position to which he should have been, but was not, appointed. The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it.

424 U.S. at 402 (internal citations omitted). Extracted from this statement, the "Testan Rule" entails that one may not receive back pay for a position until one has been appointed to that position. Id. The parties dispute the meaning of "appointment" in this rule. According to LT Ruiz, he was "appointed" on August 26, 2012 based on his corrected DOR. Pl.'s Resp. at 13. According to the Government, he was not "appointed" until he entered active service. Gov.'s Resp. at 5. Subsequent Federal Circuit cases applying the

7

Testan Rule are instructive.  In Hunt v. United States, 62 Fed. App'x 933, 934 (Fed. Cir. 2003), the court held that "[b]ecause [the plaintiff] was never appointed to the rank of captain *and never performed any duties as a captain*, he cannot be entitled to back pay at that rank under 37 U.S.C. § 204."  Id. (emphasis added).  In *In re* United States, 463 F.3d 1328, 1334 (Fed. Cir. 2006), the court held that the Testan Rule only applied insofar as a plaintiff was "hold[ing] the position."  Id.  See also James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998) ("Once [the plaintiff's] term of enlistment ended, he no longer was entitled to pay under 37 U.S.C. § 204, because he was no longer a service member.").  These cases demonstrate that the Testan Rule, like Section 204, contemplated entitling service members to back pay only if they actually served in the appointed role.  LT Ruiz did not actively serve in any role during the time period for which he is seeking back pay.  Therefore, the Testan Rule does not apply.

Finally, LT Ruiz argues that the Constructive Service Doctrine should be applied in his case.  Pl.'s Mot. at 27.  According to this doctrine, "military personnel who have been illegally or improperly separated from service are deemed to have continued service until their legal separation" and are therefore "entitled to back pay and benefits for the intervening period . . . ."  Christian v. United States, 337 F.3d 1338, 1347 (Fed. Cir. 2003).  Referring again to the linchpin of the Government's argument, LT Ruiz was not improperly separated from service.  The Constructive Service Doctrine only applies to improper terminations from active service.  Id.; Dilley, 627 F.2d at 413.  Constructive service is a fiction courts allow because when a service member is actively serving and improperly terminated, there is a degree of certainty that but-for the improper separation the service member would have continued to actively serve under the *status quo*.  When, as it is here, the service member has never been in active service but seeks back pay as if he were, the court is not returning the service member to his *status quo*.  Instead, it would be creating a double-layered fiction – first, that the service member actively served for the time period he is receiving back pay and second, that the service member would have entered active service in the first place.  The Constructive Service Doctrine should not be used, and has not been used, to create this double-layered fiction.  Therefore, LT Ruiz may not invoke the Constructive Service Doctrine.

The ABCMR was not legally obligated to grant LT Ruiz back pay for the time period in which he did not serve.  Its decision to award him only partial back pay was equitable relief and does not demonstrate that the ABCMR erred in any way.  The Court finds that the ABCMR's decision to withhold back pay from August 26, 2012 through August 26, 2014 was supported by substantial evidence.  For these reasons, the Court GRANTS the Government's motion for judgment on the administrative record and DENIES LT Ruiz's motion for judgment on the administrative record.

## Conclusion

This Court's decision depends heavily on the undisputed fact that LT Ruiz was not on active service at the time he was disenrolled and has a BASD of September 21, 2014. Due to this fact, Section 204 is not money-mandating and the ABCMR's decision not to award back pay was reasonable. Therefore, the Government's motion to dismiss is GRANTED and, in the alternative, the Government's motion for judgment on the administrative record is GRANTED. LT Ruiz's motion for judgment on the administrative record is DENIED. The clerk is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge
